**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS**

IN RE:                                )
                                      )
JAMES CLARK ALEXANDER,                )    No. 04-34450
                                      )
                    Debtor.           )

**O P I N I O N**

The Matter before the Court is the Trustee's Motion for Turnover of Assets. The basic facts giving rise to the motion are not in dispute. In 2004, the Debtor, James Clark Alexander ("Debtor"), filed a Chapter 7 case in Bankruptcy. In February of 2005, his case was converted to a Chapter 13. The order of conversion provided that the Debtor was to pay 100% of all scheduled claims as well as all claims that became known to him during the Chapter 13. The order of conversion also provided that in the event of a default in the Chapter 13, the case would be reconverted to a Chapter 7 and the Debtor would not receive a discharge.

The case was converted back to a Chapter 7 and the Trustee is seeking turnover of the following assets:

   1. Two life insurance policies
   2. Six cemetery plots.
   3. Millennium Waterford Set
   4. A Nagel art print coffee table book
   5. A sculpture alleged to be worth $6,000
   6. A Rolex watch and a Omega watch

The Debtor opposes the Trustee's motion on several grounds.

The Debtor first argues that there was no discussion as to what would happen if the case was reconverted to a Chapter 7 and the order of conversion does not require him to turn over the assets in the event of reconversion. Section 348(f)(1)(A) provides as follows:

   (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of
this title is converted to a case under another chapter under this title--

> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion.

11 U.S.C. § 348(f)(1)(A). If the Debtor wanted to avoid the impact of this section, then the conversion order should have so stated, and not the reverse which would merely be stating what is required by § 348(f)(1)(A).

The Debtor's second argument is that he should be given credit for the amount he paid to the Chapter 13 Trustee and that the amount he paid is more than what the creditors would have gotten if the case had remained a Chapter 7. The difficulty with that argument is that it is contrary to the result contemplated by § 348 and the Debtor has cited no cases that would support his position.

The third argument made by the Debtor is that his creditors would not be prejudiced if he kept the assets as he is not receiving a discharge and his creditors can pursue him outside of bankruptcy. This argument overlooks one of the basic principles of bankruptcy, which is that bankruptcy has two basic and independent goals. One is to use all non-exempt assets to pay creditors and the other is to grant a discharge to deserving debtors. In a Chapter 7 case, it is possible for a debtor's non-exempt assets to be used to pay creditors and for a Debtor to not receive a discharge. This Court sees no reason why that should not be the result merely because a case is converted from a Chapter 13 to a Chapter 7.

The Debtor testified as to which assets he still retained, their value and why they were not scheduled. He still retains all the assets except for the watches and two of the burial plots. As to the watches, he testified he did not have them on the date of the original filing because the Rolex was stolen and the Omega replacement had been given to his son. The Trustee presents no evidence to contradict his testimony. The Debtor can not be required to surrender something he no longer has.

The Debtor also testified that two of the burial plots have been used. No further comment is necessary. The Debtor's testimony also indicated that the remaining assets had little value. If not claimed as exempt, then the Trustee is entitled to them regardless of their value.[1]

For these reasons the Trustee's Motion for Turnover should be allowed except for the watches and the two burial plots. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. See order entered this day.

ENTERED: November 1, 2006

                                         /s/ William V. Altenberger
                                      UNITED STATES BANKRUPTCY JUDGE

---

[1] In situations such as this where assets have little value trustees sometimes will either allow the debtor to purchase the assets or abandon them back to the debtor. But that is the Trustee's decision, not this Court's decision.